## IN RE: APPLE IPHONE 3G PRODUCTS LIABILITY LITIGATION.

### MDL No. 2045.

United States Judicial Panel on Multidistrict Litigation.

July 1, 2009.

Before ROBERT L. MILLER, JR., Acting Chairman, JOHN G. HEYBURN II, Chairman,* J. FREDERICK MOTZ*, KATHRYN H. VRATIL, DAVID R. HANSEN, W. ROYAL FURGESON, JR., and FRANK C. DAMRELL, JR., Judges of the Panel.

### TRANSFER ORDER

ROBERT L. MILLER, JR., Acting Chairman.

**Before the entire Panel \*:** Common defendant Apple Inc. (Apple) moves, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of the twelve actions listed on Schedule A in the Northern District of California. The defendant's motion encompasses eight actions in the Northern District of California and one action each in the Southern District of Florida, District of New Jersey, Eastern District of New York and Eastern District of Texas.[1]

---

* Judge Heyburn and Judge Motz took no part in the decision of this matter.

1. The parties have notified the Panel of a related action pending in the District of New

Jersey. This action and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

Plaintiffs in all actions support the motion. Defendant AT & T Mobility LLC (AT & T) supports centralization but suggests the District of New Jersey as the transferee district.

On the basis of the papers filed and hearing session held, we find that these twelve actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions involve common factual questions arising from the performance of Apple's iPhone 3G on AT & T's 3G network. Specifically, the actions share allegations that Apple and, where named, AT & T misrepresented to the public the speed, strength and performance of the iPhone 3G on AT & T's 3G network. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, particularly with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

The Northern District of California stands out as an appropriate transferee forum. The headquarters of the common defendant, Apple, are located within this district; accordingly, relevant witnesses and documents will likely be found there. Eight actions are already pending in the Northern District of California before one judge, and plaintiffs in all twelve actions and moving defendant Apple agree upon centralization in this district.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Northern District of California are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable James Ware for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

## SCHEDULE A

MDL No. 2045 — **IN RE: APPLE IPHONE 3G PRODUCTS LIABILITY LITIGATION**

*Northern District of California*

Jacob Medway v. Apple, Inc., C.A. No. 3:09–330

James R. Pittman v. Apple, Inc., C.A. No. 5:08–5375

Haig P. Ashikian v. Apple, Inc., et al., C.A. No. 5:08–5810

Peter Keller v. Apple, Inc., C.A. No. 5:09–121

William J. Gillis, Jr. v. Apple Computer, Inc., et al., C.A. No. 5:09–122

Aaron Walters v. Apple, Inc., C.A. No. 5:09–187

Eulardi Tanseco v. Apple, Inc., et al., C.A. No. 5:09–275

Jessica Alena Smith, et al. v. Apple, Inc., C.A. No. 5:09–1028

*Southern District of Florida*

Onel Gonzalez, et al. v. Apple, Inc., et al., C.A. No. 1:09–20258

*District of New Jersey*

Timothy Ritchie v. Apple, Inc., et al., C.A. No. 2:09–456

*Eastern District of New York*

Avi Koschitzki v. Apple, Inc., et al., C.A. No. 1:08–4451

*Eastern District of Texas*

Alyce R. Payne, et al. v. Apple, Inc., et al., C.A. No. 4:09–42